UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DUANE P. BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-1297-MMM |
| | ) |
| BRITTANY BEARD, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, alleges deliberate indifference at the Illinois River Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on February 3, 2016, he was in the healthcare unit for treatment of warts of his right arm, chest and back. Plaintiff asked Defendant Nurse Practitioner Brittany Beard to examine scabs or sores on the bottom of his left foot. Defendant allegedly examined the foot and recommended that he buy lotion from the commissary, but did not otherwise provide treatment. Plaintiff alleges that this constituted deliberate indifference as he is a type I, diabetic, and foot infections can have catastrophic results. Plaintiff does not, however, claim he

developed an infection or other problems as a result.  Plaintiff claims that Defendant Edna Greenhagen, the Nursing Director, was aware of the scabs and sores on his foot and is also liable for deliberate indifference.

Plaintiff grieved the lack of treatment to Warden Hammers and alleges that, since Defendant Hammers had firsthand knowledge of the claim, he is also liable for deliberate indifference.  Plaintiff claims that Defendants Brookes and Johnson, Counselors at Illinois River, responded to his grievances, though they had no medical knowledge.  He claims the same as to Grievance Officer Long who also responded to his grievances.   Plaintiff claims that Wexford is liable for Defendants Beard, Greenhagan and Hammers not properly doing their jobs.

## ANALYSIS

To successfully plead deliberate indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm.  "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *Newsome v. Godinez*, No. 13-1455, 2013 WL 5799769 at *2 (C.D.Ill. Oct. 28, 2013). "Because no harm resulted from this alleged cancellation [of a doctor's appointment without the doctor's approval], no finding of deliberate indifference is possible." *Id*. at 2.  Here, Plaintiff has not pled harm.  He objects that Defendants Beard and Greenhagan did not offer treatment for the condition of his left foot but does not claim that the lack of treatment caused him injury.  His claims against Defendants Beard and Greenhagen are DISMISSED.

Plaintiff's claim that Warden Hammers exhibited deliberate indifference for not acting in response to his grievance is also DISMISSED.  A supervisor is not liable merely because a grievance put him on notice of Plaintiff's complaints. There is no respondeat superior liability under § 1983 *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).  *See also, Diaz v.*

*McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

Plaintiff's claims against Counselors Brooks and Johnson, and Grievance Officer Long, for their response to his grievances also fail. "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)**.**

Plaintiff's remaining claim, that Wexford is liable for the actions of Defendants Beard, Greenhagan and Warden Hammers jobs is also DISMISSED. As noted, there is no respondeat superior liability under § 1983 so a corporation can only be liable if Plaintiff were injured due to its policy or practice. *See Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in order to be held liable under § 1983, "a municipal policy or practice must be the direct cause or moving force behind the constitutional violation"). Since Plaintiff has failed to allege that he was harmed through a Wexford policy or practice, he has not pled a plausible claim against Wexford. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff does not claim that the alleged deliberate indifference caused him injury. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)	This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3)	Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)	If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

_4/3/2017_  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE